Document      Page 1 of 11

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
 §
DAARINA SAKINAH MUHAMMAD § Case No. 11-03994
 §
 Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on   .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of       $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]     $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Frances Gecker_____
                                                   Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 11-03994 ABG | Judge: | A. Benjamin Goldgar | Trustee Name: | Frances Gecker |
|---|---|---|---|---|---|
| Case Name: | DAARINA SAKINAH MUHAMMAD | | | Date Filed (f) or Converted (c): | 01/31/2011 (f) |
| | | | | 341(a) Meeting Date: | 03/17/2011 |
| For Period Ending: | 04/20/2015 | | | Claims Bar Date: | 02/29/2012 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 6248-6250 S. HONORE, CHICAGO, IL 60636 | 252,970.00 | 0.00 | | 0.00 | FA |
| 2. CHECKING ACCOUNT WITH - BANK OF AMERICA | 500.00 | 0.00 | | 0.00 | FA |
| 3. MONTEREY FINANCIAL SVC - 50 INCH TOSHIBA TELEVISIO | 100.00 | 100.00 | | 0.00 | FA |
| 4. HOUSEHOLD GOODS; TV, DVD PLAYER, TV STAND, STEREO, | 1,500.00 | 0.00 | | 0.00 | FA |
| 5. BOOKS, COMPACT DISCS, TAPES/RECORDS, FAMILY PICTUR | 50.00 | 0.00 | | 0.00 | FA |
| 6. NECESSARY WEARING APPAREL. | 50.00 | 0.00 | | 0.00 | FA |
| 7. EARRINGS, WATCH, COSTUME JEWELRY | 100.00 | 0.00 | | 0.00 | FA |
| 8. TERM LIFE INSURANCE - NO CASH SURRENDER VALUE. | 0.00 | 0.00 | | 0.00 | FA |
| 9. 2010 EXPECTED TAX REFUND | 2,000.00 | 0.00 | | 0.00 | FA |
| 10. NISSAN MOTOR ACCEPTANC - 2007 NISSAN ALTIMA | 11,300.00 | 710.00 | | 0.00 | FA |
| 11. BANK ACCOUNTS (u) | 0.00 | 4,294.76 | | 3,950.00 | FA |
| INT. Void (u) | 0.00 | N/A | | 0.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $268,570.00 | $5,104.76 | | $3,950.00 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

THE TRUSTEE HAS SUBMITTED A FINAL REPORT TO THE UST FOR REVIEW.

Initial Projected Date of Final Report (TFR): 10/01/2012      Current Projected Date of Final Report (TFR): 03/17/2015

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 11-03994  
Case Name: DAARINA SAKINAH MUHAMMAD  
Taxpayer ID No: XX-XXX4183  
For Period Ending: 04/20/2015  

Trustee Name: Frances Gecker  
Bank Name: Congressional Bank  
Account Number/CD#: XXXXXX6393  
OPERATING ACCOUNT  
Blanket Bond (per case limit): $5,000,000.00  
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 03/20/12 | 11 | DAARINA MUHAMMAD Personal Money Order | BANK ACCOUNT | 1229-000 | $1,000.00 | | $1,000.00 |
| 09/19/12 | 11 | DAARINA MUHAMMAD Personal Money Order | BANK ACCOUNT | 1229-000 | $350.00 | | $1,350.00 |
| 02/12/13 | | Trsf To Bank of New York Mellon | FINAL TRANSFER | 9999-000 | | $1,350.00 | $0.00 |

|  |  |  |
|---|---:|---:|
| COLUMN TOTALS | $1,350.00 | $1,350.00 |
| Less: Bank Transfers/CD's | $0.00 | $1,350.00 |
| Subtotal | $1,350.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $1,350.00 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*                    Page Subtotals:    $1,350.00    $1,350.00

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 11-03994 | Trustee Name: | Frances Gecker |
| Case Name: | DAARINA SAKINAH MUHAMMAD | Bank Name: | The Bank of New York Mellon |
| | | Account Number/CD#: | XXXXXX7149 |
| | | | GENERAL CHECKING |
| Taxpayer ID No: | XX-XXX4183 | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 04/20/2015 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/12/13 | | Trsf In From Congressional Bank | INITIAL WIRE TRANSFER IN | 9999-000 | $1,350.00 | | $1,350.00 |
| 03/07/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $1.10 | $1,348.90 |
| 03/11/13 | | BANK OF NEW YORK MELLON | BANK SERVICE FEES | 2600-000 | | $8.90 | $1,340.00 |
| 03/18/13 | 11 | DAARINA MUHAMMAD Personal Money Order | BANK ACCOUNT | 1229-000 | $1,000.00 | | $2,340.00 |
| 04/05/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $10.00 | $2,330.00 |
| 05/07/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $10.00 | $2,320.00 |
| 06/07/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $10.00 | $2,310.00 |
| 07/08/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $10.00 | $2,300.00 |
| 08/07/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $10.00 | $2,290.00 |
| 08/12/13 | 11 | DAARINA MUHAMMAD Personal Money Order | BANK ACCOUNT | 1229-000 | $350.00 | | $2,640.00 |
| 09/09/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $10.00 | $2,630.00 |
| 10/07/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $10.00 | $2,620.00 |
| 11/07/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $10.00 | $2,610.00 |
| 12/06/13 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $10.00 | $2,600.00 |
| 01/08/14 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $10.00 | $2,590.00 |
| 02/07/14 | | Bank of New York Mellon | BANK SERVICE FEE | 2600-000 | | $10.00 | $2,580.00 |
| 08/11/14 | 11 | DAARINA MUHAMMAD Personal Money Order | BANK ACCOUNT | 1229-000 | $1,000.00 | | $3,580.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*      Page Subtotals:      $3,700.00      $120.00

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 11-03994 | Trustee Name: Frances Gecker |
| Case Name: DAARINA SAKINAH MUHAMMAD | Bank Name: The Bank of New York Mellon |
| | Account Number/CD#: XXXXXX7149 |
| | GENERAL CHECKING |
| Taxpayer ID No: XX-XXX4183 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 04/20/2015 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 03/10/15 | 11 | DAARINA MUHAMMAD Personal Money Order | BANK ACCOUNT | 1229-000 | $250.00 | | $3,830.00 |

| | | |
|---|---|---|
| COLUMN TOTALS | $3,950.00 | $120.00 |
| Less: Bank Transfers/CD's | $1,350.00 | $0.00 |
| Subtotal | $2,600.00 | $120.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $2,600.00 | $120.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*   Page Subtotals:  $250.00   $0.00

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX6393 - OPERATING ACCOUNT | $1,350.00 | $0.00 | $0.00 |
| XXXXXX7149 - GENERAL CHECKING | $2,600.00 | $120.00 | $3,830.00 |
|  | $3,950.00 | $120.00 | $3,830.00 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $3,950.00 |
| Total Gross Receipts: | $3,950.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:11-03994-ABG  
Debtor Name: DAARINA SAKINAH MUHAMMAD  
Claims Bar Date: 2/29/2012  

Date: April 20, 2015

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Frances Gecker<br>325 N. LaSalle Street<br>Chicago, IL 60654 | Administrative | | $0.00 | $800.00 | $800.00 |
| 100 3110 | FRANKGECKER LLP<br>325 N. LaSalle Street<br>Suite 625<br>Chicago, IL 60654 | Administrative | | $0.00 | $2,500.00 | $2,500.00 |
| 100 3120 | FRANKGECKER LLP<br>325 N. LaSalle Street<br>Suite 625<br>Chicago, IL 60654 | Administrative | | $0.00 | $1.35 | $1.35 |
| 1 100 4110 | MONTEREY FINANCIAL SERVICES<br>C/O BANKRUPTCY RESOURCE MANAGEMENT<br>PO BOX 3788<br>TUSTIN, CA 92781-3788 | Secured | | $0.00 | $100.00 | $100.00 |
| 1A 300 7100 | MONTEREY FINANCIAL SERVICES<br>C/O BANKRUPTCY RESOURCE MANAGEMENT<br>PO BOX 3788<br>TUSTIN, CA 92781-3788 | Unsecured | | $0.00 | $430.29 | $430.29 |
| | Case Totals | | | $0.00 | $3,831.64 | $3,831.64 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-03994
Case Name: DAARINA SAKINAH MUHAMMAD
Trustee Name: Frances Gecker

Balance on hand $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 1 | MONTEREY FINANCIAL SERVICES | $ | $ | $ | $ |

Total to be paid to secured creditors $_____

Remaining Balance $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Frances Gecker | $ | $ | $ |
| Attorney for Trustee Fees: FRANKGECKER LLP | $ | $ | $ |
| Attorney for Trustee Expenses: FRANKGECKER LLP | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses $_____

Remaining Balance $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1A | MONTEREY FINANCIAL SERVICES | $ | $ | $ |

Total to be paid to timely general unsecured creditors         $_____

Remaining Balance                                              $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE