IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 11-03994 |
| | ) | |
| DAARINA SAKINAH MUHAMMAD, | ) | Chapter 7 |
| | ) | |
| | ) | Honorable A. Benjamin Goldgar |
| Debtor. | ) | |
| | ) | Hearing Date: May 20, 2015 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | Room No.: 642 |

**COVER SHEET FOR FIRST AND FINAL APPLICATION OF
FRANKGECKER LLP FOR ALLOWANCE OF COMPENSATION AND EXPENSES**

Name of Applicant:                FrankGecker, LLP

Authorized to Provide             Miriam R. Stein, Chapter 7 Trustee of the Estate
Professional Services to:         DAARINA SAKINAH MUHAMMAD

Period for Which                  March 17, 2011 through February 28, 2015
Compensation is Sought:

Amount of Fees Sought:            $     2,500.00[1]

Amount of Expense                 $     1.35
Reimbursement Sought:

This is a:                        First and Final Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

---

[1] The total incurred fees equal $4,553.00. FrankGecker LLP has voluntarily agreed to reduce their fees by $2,053.00 to allow for more funds to be distributed to creditors.

{MUHAMMAD/001/00041992.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 11-03994 |
| | ) | |
| DAARINA SAKINAH MUHAMMAD, | ) | Chapter 7 |
| | ) | |
| | ) | Honorable A. Benjamin Goldgar |
| Debtor. | ) | |
| | ) | Hearing Date: May 20, 2015 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | Room No.: 642 |

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **May 20, 2015**, at **10:00 a.m.**, we shall appear before the Honorable A. Benjamin Goldgar, or such other judge as may be sitting in his stead, in Courtroom 642 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the **First and Final Application of FrankGecker LLP as Counsel to Frances Gecker, Chapter 7 Trustee of the Bankruptcy Estate of DAARINA SAKINAH MUHAMMAD, for Compensation and Reimbursement of Expenses** which was previously served upon you.

Dated: April 20, 2015

Respectfully submitted,

FRANCES GECKER, not individually but as
Chapter 7 Trustee of the bankruptcy estate of
DAARINA SAKINAH MUHAMMAD

By: /s/ Reed Heiligman
One of her attorneys

Reed Heiligman (IL No. 6294312)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone: (312) 276-1400
Facsimile: (312) 276-0035
rheiligman@fgllp.com

{MUHAMMAD/001/00041992.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 11-03994 |
| | ) | |
| DAARINA SAKINAH MUHAMMAD, | ) | Chapter 7 |
| | ) | |
| | ) | Honorable A. Benjamin Goldgar |
| Debtor. | ) | |
| | ) | |

**FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP
AS COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF
THE BANKRUPTCY ESTATE OF JEFFREY ROBERT RUBACK FOR
<u>COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

Frances Gecker (the "Trustee"), not individually but as Chapter 7 Trustee of the bankruptcy estate of DAARINA SAKINAH MUHAMMAD (the "Debtor"), by her attorneys, pursuant to 11 U.S.C. §§330, 331 and 507(a)(1) seeking a reduced amount of compensation[2] in the amount of $2,500.00 for legal services performed as counsel to the Trustee during the period of March 17, 2011 through and including February 28, 2015 (the "Application Period") and reimbursement of expenses totaling $1.35 incurred in connection with those services. In support of the Application, FrankGecker LLP respectfully represents as follows:

<u>INTRODUCTION</u>

1.   The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

---

[2] The total incurred fees equal $4,553.00. FrankGecker LLP has voluntarily agreed to reduce their fees by $2,053.00 to allow for more funds to be distributed to creditors.

{MUHAMMAD/001/00041992.DOC/}

2. The Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the U.S. Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division on January 31, 2011 (the "Petition Date").

3. Frances Gecker ("Trustee") is the duly appointed and qualified Chapter 7 Trustee.

4. A meeting of the Debtor's creditors was convened pursuant to Section 341 of the Bankruptcy Code (the "341 Meeting") on March 17, 2011.

5. The Trustee chose FrankGecker LLP ("FG") as her counsel in the Case and on September 26, 2011, this Court entered an order authorizing the Trustee to retain FG and Mr. Zielinski as her counsel retroactive to March 17, 2011.

6. Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

7. After investigating the Debtor's assets, the Trustee discovered the Debtor's Bank of America checking account, account # 5309817670 (the "Account") which had a balance of at least $4,794.76 as of the Petition Date.

8. However, on Schedule B of the Debtor's bankruptcy petition, the Debtor listed the Account as having a balance of only $500.00 as of the Petition Date. The Debtor took an exemption of $500 in the scheduled amount in the Account under 735 ILCS 5/12-1001(b).

9. FG filed a motion for turnover of funds and negotiated a payment schedule with the Debtor to turn over the bank account funds to the bankruptcy estate.

10. Because of the limited funds in the bankruptcy estate, FG has written off approximately $2,053.00 of its fees (the "Trustee Discount") in order to allow a distribution to the claimants in this Case.

11.     This Application seeks allowance of all fees and expenses incurred by FG from March 17, 2011 through and including February 28, 2015. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

## I.     SERVICES PERFORMED

**A.     Administration**                                                    **$1,670.00**

FG spent 8.10 hours on issues relating to the review of Debtor's documents and finances; preparing, filing and appearing in court on Trustee's objection to Debtor's discharge and motions to extend time to object to Debtor's exemptions.

**B.     Turnover Motion**                                                   **$2,883.00**

FG spent 14.00 hours relating to the preparing, filing and appearing in court on Trustee's Motion for Turnover and the negotiation of a payment plan for Debtor's unscheduled bank funds to the bankruptcy estate.

## II.    ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE

Zane L. Zielinski (ZLZ) was an associate at FrankGecker LLP. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif. Mr. Zielinski specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases.

William G. Cross (WC) was an associate at FrankGecker LLP. Mr. Cross is a 2009 graduate of Loyola University Chicago School of Law. Mr. Cross specializes in bankruptcy law and has represented trustees and creditors in bankruptcy cases.

### III. CALCULATION OF TIME AND FEES

This is the Trustee's first and final application for compensation and reimbursement of fees and expenses of FG. This fee application applies to fees and expenses incurred by FG from March 17, 2011 through and including February 28, 2015. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the Case and were rendered for the benefit of the Trustee and the Debtor's estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibit, FG's attorneys and paralegal have spent a total of **22.10** hours providing necessary legal services for the Trustee and FG has voluntarily written off **$2,053.00** of its fees. As a result, compensation in the amount of **$2,500.00** for actual, necessary legal services performed (**Exhibit A**). The average hourly rate with Trustee's discount is **$113.12**. In addition, FG has expended the sum of **$1.35** for actual necessary expenses incurred in representing the Trustee.

In preparing this fee application, FG has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts of data which is kept by FrankGecker LLP on each of its clients. The hourly rates charged are at a reduced rate in order to allow a distribution to the claimants in this Case. FG worked to avoid any duplication of effort, and in instances where

{MUHAMMAD/001/00041992.DOC/} 4

more than one attorney billed for a project, there was a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, FG has prepared its time exhibits by topic as presented in the attached **Exhibit A**. For purposes of this Application, counsel has used two categories. Most of these categories are substantive. The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

FG does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing, computer research charges, fax charges, phone charges or secretarial overtime, instead, such expenses are factored into FG's normal and customary rate.

No compensation has been promised to FG, other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, FrankGecker LLP respectfully requests that this Court enter an Order:

A. Allowing FrankGecker LLP compensation for actual, necessary legal services in the amount of **$2,500.00**;

B. Allowing FrankGecker LLP reimbursement of actual, necessary expenses in the amount of **$1.35**; and

    C.    Authorizing the Trustee to pay FrankGecker LLP compensation and expense reimbursement in the total amount of **$2,501.35**.

| | |
|---|---|
| Dated: April 20, 2015 | Respectfully submitted, |
| | FRANCES GECKER, not individually but as Chapter 7 Trustee of the bankruptcy estate of DAARINA SAKINAH MUHAMMAD |
| | By: /s/ *Reed Heiligman* |
| | One of her attorneys |

Reed Heiligman (IL No. 6294312)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone:   (312) 276-1400
Facsimile:   (312) 276-0035
rheiligman@fgllp.com